# UNITED STATES
## v.
# SCHOONER JOVEN NAULINA.

---

San Juan, No. 354, Admiralty.

1. Sec. 3095, U. S. Rev. Stat. (U. S. Comp. Stat. 1901, p. 2025) is penal, and must be strictly construed.

2. The master of a vessel under 30 tons burden brought into his home port, from a foreign one, a small amount of wearing apparel for his family's use, without declaring the same, was charged with smuggling, and, on trial, was acquitted. Under those circumstances, libel and forfeiture of the vessel for alleged violations of § 3095, U. S. Rev. Stat., does not lie.

Order filed December 23, 1905.

United States v. The Joven Naulina.

N. B. K. Pettingill, Esq., district attorney.

Messrs. Hord & Hawkins, attorneys for defendant.

Order by McKenna, Judge:

This is an action of libel for violation of § 3095 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 2025), prohibiting the introduction of dutiable merchandise into the United States, and making the captain of the ship introducing such merchandise liable to indictment for smuggling, and further providing that, if said vessel be of less than 30 tons burden, it increase the penalty by forfeiture thereof.

On a verdict in a jury trial in this court, the defense was set up by the captain of the schooner libeled, that the goods seized involved about $6 worth of uncut goods suitable for wearing apparel for the captain and family. This defense prevailed, and the captain was acquitted. The government, at the time of indicting the defendant and seizing said clothing, also libeled the schooner owned by said defendant, and the testimony in the criminal case, together with additional testimony, was heard by the court without a jury to determine under the law and evidence whether the forfeiture of the defendant's vessel had accrued for violation of said § 3095 of the Revised Statutes. The statute, being highly penal, requires strict construction, and leaves nothing to implication. The defense of the goods being nondutiable, as proved to the satisfaction of the jury, resulting in an acquittal of said defendant on the charge of smuggling the goods in question, virtually decides the question involved in this case; that is, whether or not the goods seized were dutiable as being imported for the purpose of trade, or, indeed, whether they were merchandise within the meaning of the section of the act under consideration, or were intended for wear-

United States v. The Joven Naulina.

ing apparel for family use, and thereby to be fairly construed, by the terms of § 3095 of said act quoted, as not dutiable.

A fair construction of said section of the act involved limits the prohibition and consequent offense to the act of introducing goods into a port or landing same. It would be a strained construction of the act to extend this prohibition to a captain of a vessel carrying $6 worth of goods suitable and reasonable in character for wearing apparel for himself and the family.

Consequently the court finds that the goods seized, to wit, the material for wearing apparel, were not dutiable within the meaning of the prohibitory section of the said act, thus concurring in the verdict of the jury acquitting the defendant on the same grounds of the nondutiable character of the goods. True, under the section of the said act, if the goods were dutiable at all, it would follow that the carrying of the same, by the terms of the act, in a schooner of less than 30 tons burden, would render the same, *ipso facto,* liable to forfeiture. But believing the goods seized, as stated, to be only a reasonable quantity and of suitable character for the domestic use of defendant and family, and no evidence of any contrary intent being shown, we find that the boat is not subject to libel; and an order will be entered dismissing the case.